# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANITA BURKS,                              :

    Plaintiff,                        :

vs.                                       :        CA 18-0390-KD-C

MOBILE COUNTY PUBLIC SCHOOL               :
SYSTEM, et al.,
                                          :
    Defendants.

## **REPORT AND RECOMMENDATION**

Plaintiff Anita Burks filed her complaint in this Court on September 11, 2018, claiming that she was wrongfully terminated from her job with the Mobile County Public School System while she was on approved medical leave in accordance with the Family and Medical Leave Act ("FMLA"). (*See* Doc. 1.) Concurrent with the filing of her complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (Doc. 2). By Order September 26, 2018, the undersigned denied Plaintiff's motion to proceed without prepayment of fees and costs and instructed Ms. Burks to pay the filing fee by not later than October 26, 2018. (Doc. 3, at 4.) Plaintiff was informed that any failure to pay the filing fee by October 26, 2018, would result in entry of a recommendation that her action be dismissed for "failure to pay the required filing fee." (*Id.*) To date, Plaintiff has not responded in any manner to the undersigned's September 26, 2018 Order. (*See* Docket Sheet.)

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S.

626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Plaintiff has not responded to the Court's Order dated September 26, 2018, instructing her to pay the filing fee not later than October 26, 2018. (*Compare* Docket Sheet *with* Doc. 3.) Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's civil action, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by complying with this Court's lawful order.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of January, 2019.

                                            s/WILLIAM E. CASSADY
                                            **UNITED STATES MAGISTRATE JUDGE**