# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANITA BURKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 18-00390-KD-C |
| | ) |
| MOBILE COUNTY PUBLIC SCHOOL SYSTEM, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Report and Recommendation entered on January 8, 2019 (d0c. 4). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, and for the reasons set forth herein, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated January 8, 2019, is ADOPTED as the opinion of this Court. Accordingly, this action is dismissed without prejudice, prior to service of process, for failure to prosecute and comply with this Court's Order and as frivolous and failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

Plaintiff Anita Burks filed a wrongful termination lawsuit against Defendant Mobile County Public School System (doc. 1).[1] Plaintiff alleges that she was improperly terminated while she was on "approved medical leave due to an on-the-job injury". She alleges that Defendants violated the

---

[1] Plaintiff has sued only the Mobile County Public School System. She sent a "c.c." or courtesy copy, to Bryan Hack, George Smith, and the "Mobile County School Board Committee" (doc. 1).

Family Medical Leave Act (Id.).[2] Plaintiff moved to proceed without prepayment of fees (doc. 2). The motion was denied and she was ordered to pay the filing fee no later than October 26, 2018 (doc. 3). The fee was not paid. Thereafter, the Magistrate Judge entered a Report and Recommendation for dismissal without prejudice for failure to prosecute by failing to comply with the Court's order (doc. 4).

The Report and Recommendation was mailed to Plaintiff. However, the postal service returned the mail noting: "Return to Sender", "Undeliverable as Addressed", and "Unable to Forward" (doc. 5). Review of the docket indicated that the Report and Recommendation was sent to "Mobile, Al 36544" instead of "Irvington, Al 36544". The Court directed the Clerk to re-mail the Report and Recommendation to two addresses found in the record. Specifically,

| | |
|---|---|
| P.O. Box 1017 | 8615 – Lot A Beverly Rd. Extension |
| Irvington, Al 36544 | St. Elmo-Irvington, Al 36544 |

Review of the docket also indicated that, although not returned, the order denying Plaintiff's motion to proceed without prepayment of fees and ordering her to pay the filing fee had been sent to the same incorrect address. Thus, it appears that Plaintiff's first notice of the denial of her motion may have been receipt of the second mailing of the Report and Recommendation.

Plaintiff timely filed an objection to the Report and Recommendation (doc. 7). Plaintiff requests the Court refrain from dismissing her case and seeks reconsideration of her financial status. In that regard, Plaintiff states that she provides support[3] to her high school aged son, and that she has utilities ("light/gas bills be $350.00 $300.00 monthly or more"), insurance, medical, and food

---

[2] Plaintiff also alleges that Defendant violated Ala. Code § 17-1-5. However, that code section is captioned "Employers to allow time off for voting".

[3] Plaintiff states that "I never stated I took care financially my mother" (doc. 7, p. 1). Review of the motion shows that Plaintiff reported contributing $250.00 per month to one dependent and that Plaintiff's relationship to the dependent was "mother" (doc. 2, p. 1).

expenses (doc. 7). She states that her "income is really not enough funds to take care of my household" (Id.). In her motion, Plaintiff reports providing $250.00 per month support for her son, $98.13 and $289.00 per month for insurance, and $350.00 per month for power (doc. 2). Adding the estimated cost of $250.00 per month for gas, the expenses for which Plaintiff has provided an estimated monthly amount total approximately $1,237.00. Plaintiff did not include an estimate for purchase of food and clothing, yearly repairs, or the monthly payment toward the $800.00 title loan against her vehicle.

With respect to income, Plaintiff reports $725.00 per month from her pension and $800.00 per month spousal support. She also reports receipt of $2,401.85 from the Alabama Board of Adjustment for mileage and medical out of pocket.[4] Annualizing the Board of Adjustment payment ($200.00) and adding that to her pension and spousal support, totals an estimated monthly income of $1,725.00.

Subtracting the estimated expenses from the estimated monthly income yields approximately $488.00. As the Magistrate Judge determined, Plaintiff does not lack the means to pay the $400.00 filing fee. Therefore, the recommendation that this action be dismissed without prejudice for failure to comply with the Court's order to pay the filing is adopted as the opinion of the Court.

Additionally, the Court looks to whether the action is due to be dismissed as frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) "When faced with a motion to proceed in forma pauperis, "the court must make two determinations: first, whether the

---

[4] Plaintiff reported that she received this check in April 2018 (doc. 2, p. 3). She also reported that she retired on October 3, 2017 (doc. 2, p. 2). Thus, her report is not clear as to whether she receives a similar amount each year.

3

litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Scott v. Lawson,* 2017 WL 3327063, at *2 (S.D. Ala. June 20, 2017), report and recommendation adopted, 2017 WL 3326765 (S.D. Ala. Aug. 3, 2017) (citing 28 U.S.C. § 1915(e)(2)(B)).

Plaintiff alleges that she was wrongfully terminated in violation of the Family Medical Leave Act and the "contract agreement" while she was on approved medical leave due to an on-the-job injury. She disputes that resigned from her teaching position. Plaintiff alleges that she received a letter from the School System stating that she resigned, but the resignation form attached to the letter did not have her signature. She alleges that the "Board Committee approved a blank form without signature" (doc. 1, p. 2).

According to the exhibits attached to her complaint, Plaintiff was injured in the classroom on April 1, 2015 (doc. 1-2, p. 37). Plaintiff was placed on medical leave and her leave approval was renewed several times. Relevant to her complaint, on August 15, 2016, the School System mailed a letter to Plaintiff indicating that leave was approved from August 6, 2016 through October 31, 2016 (doc. 1-2, p. 25, 30). However, on August 29, 2016, the School System mailed Plaintiff a letter indicating that she had been cleared to return to work on August 22, 2016 (doc. 1-2, p. 3, 33). On September 20, 2016, someone wrote on the letter "Burks has not responded or returned to work. Place on the voluntary resignation list per Mr. Hack" (Id.) The letter is stamped "submitted to Board September 28, 2016." (Id.)

Plaintiff appears to have been on FMLA at that time. On September 16, 2016, the School System wrote Plaintiff that she was on a "period of leave without pay" beginning August 10, 2016, that she was expected to return to work November 2016, and that she was granted leave under the

FMLA, which would end November 1, 2016 (doc. 1-2, p. 52, letter captioned "Leave of Absence without Pay").

On October 11, 2016, Bryan Hack, Executive Manager, Division of Human Resources, wrote Plaintiff and informed her that the Board of School Commissioners had acted on her "request to terminate" her contract at the September 28, 2016 meeting (doc. 1-2, p. 17, 42). The Board accepted her resignation and her last day of employment was August 22, 2016. (Id.)

On October 13, 2016, Plaintiff wrote Hack stating that she had received the "October 11, 2016 letter terminating" her employment. Plaintiff wrote "According to your letter, I voluntarily resigned from my position. However, this is not true. I have never resigned as an instructor. If you have in your possession a written letter of resignation signed by me, please forward it to me for my review." (doc. 1-2, p. 16 (stamped received November 3, 2016), p. 18, p. 43 (unstamped)). Plaintiff wrote that her medical leave was approved through October 31, 2016 (as indicated by the August 15, 2016 letter and correlating with the end date for FMLA, November 1, 2016). She also requested that her termination be rescinded and that she be placed back on medical leave.

Although Plaintiff did not provide an official letter of reinstatement, on October 28, 2016, Hack wrote Plaintiff to remind her of school policy regarding attendance and absences and states "Please be aware that continued excessive absences must be addressed and can potentially lead to disciplinary action, and as such, a copy of this letter will be added to your employee file" (doc. 1-2. p. 19). Also, an Employee Action Form, states as follows:

Additional Information for Internal Use Only:

Employee was terminated in error. Per attached email from Mr. Hack. Employee status has been changed back to active in order for employee to apply for disability. Employee currently not working at a school.

(doc. 1-2, p. 56, February 22, 2017).

Other documents indicate that Plaintiff was reinstated. Specifically, documents related to Plaintiff's actual retirement in 2017. On April 13, 2017, Plaintiff signed an "Application for Retirement" for the Teachers' Retirement System of Alabama. Her signature was notarized (doc. 1-2, p. 34). The "Type of Retirement" was "Disability" with an effective date of June 1, 2017. Prior to that time and in anticipation of retirement, on March 23, 2017, Plaintiff emailed school system employees stating "Hi! I am requesting an <u>active status letter</u> to be forward to the Teacher Retirement System" (doc. 1-2. p. 20, p. 44) (underlining added). An employee responded, "Please find attached letter regarding your leave status. I have emailed this to Teac … Monday March 27th. If all of the documentation you forwarded to TRS is in order, your application should …April 5th we will have their decision. If approved, your retirement date will effecti …." (Id.). On March 24, 2017, George Smith, Employee Relations Administrator, wrote Amy Crews, Retirement Counselor Supervisor (doc. 1-2, p. 21). He stated as follows: "<u>This is to verify that Anita M. Burks is an active employee of our school system and is currently on a leave of absence</u>." (Id.) (underlining added).

On October 5, 2017, Retirement Systems of Alabama wrote Plaintiff that the Medical Board had approved her application for disability retirement effective June 1, 2017 (doc. 1-2, p. 49). On October 23, 2017, a "Resignation/Notification of Intent to Leave System Employment" was approved by the School Board. The document indicates that Plaintiff "has been on approved unpaid leave" and her "proposed last working day" would be June 5, 2017. With respect to the "Type of Separation from the Mobile County School System" the box for retirement is checked and "Disability approved retroactive to 6-1-17" is written. On November 27, 2017, Hack wrote Plaintiff to inform her that the Board approved her request for retirement on October 23, 2017, and her last day of employment was June 5, 2017 (doc. 1-2, p. 27).

6

The FMLA creates a private right of action for employees "against employers who 'interfere with, restrain, or deny the exercise of or the attempt to exercise' any FMLA rights." *Dockens v. Dekalb Cty. Sch. Sys.*, 441 F. App'x 704, 708 (11th Cir. 2011); 29 U.S.C. § 2615(a)(1). The statute also "'creates [a] retaliation claim[ ], in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act.'" Id. (citations omitted). "To state a claim of interference with a substantive right under the FMLA, an employee need only demonstrate by a preponderance of the evidence that he or she was entitled to the benefit denied." *Pender v. Johnson*, 2018 WL 6606066, at *1 (M.D. Ga. Dec. 17, 2018) (citing *Strickland v. Water Works & Sewer Bd. of Birmingham,* 239 F.3d 1199, 1207 (11th Cir. 2001) and citing 29 U.S.C. § 2615(a)(1)).

"To prove FMLA retaliation, an employee must show that h[er] employer intentionally discriminated against h[er] for exercising an FMLA right." *Jones v. Aaron's Inc.*, 748 Fed. Appx. 907, 917 (11th Cir. 2018) (quoting *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008)). "Absent direct evidence of retaliatory intent, we apply the same <u>McDonnell-Douglas</u> burden-shifting framework" to the FMLA claims. *Id*. To establish a prima facie case of FMLA retaliation, Plaintiff must show that "(1) she engaged in a statutorily protected activity, (2) she suffered an adverse employment action, and (3) the adverse action was causally related to the protected activity." *Id*. The Eleventh Circuit has applied the definition of adverse employment action found in the Title VII retaliation contest. *Id.* (citing *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67-68, 126 S.Ct. 2405, 2415 (2006)). Specifically, that "an employment action is 'materially adverse' when it involves a significant harm and might dissuade a reasonable worker from engaging in the protected activity, but material adversity does not include trivial harms, petty slights, or minor annoyances". *Id.*

Viewing the complaint and exhibits in the light most favorable to the Plaintiff, the Court finds no evidence that she was denied a benefit under the FMLA to which she was entitled. The School Board's letter captioned "Leave of Absence without Pay" (doc. 1-2, p. 52) shows that she was granted FMLA leave. To the extent that the mistaken 2016 termination could be construed as an act of retaliation for exercising her rights under the FMLA, the exhibits do not show that the School Board "intentionally discriminated against her in the form of an adverse employment action." *Pender v. Johnson*, 2018 WL 6606066, at *1. To the contrary, the termination appears to have been an error that was corrected without any adverse employment consequences. Plaintiff was reinstated as an active employee on leave of absence, and later applied for and retired on disability retirement with the Teachers Retirement System. Plaintiff does allege that she received a "retaliation email remark after filing a complaint after viewing [her] files" and that the School System "refused to acknowledge Physician notes" (doc. 1, p. 2). But, she did not allege how the mistaken termination in October 2016 significantly harmed her.

Upon consideration, the Court finds that Plaintiff's complaint is frivolous and fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). Accordingly, the complaint is dismissed without prejudice, prior to service of process.

DONE and ORDERED this the 2nd day of April 2019.

 s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
CHIEF UNITED STATES DISTRICT JUDGE